McKinney, J.,
delivered. the opinion of the Court.
The complainant is executor of the Will of Henry Hatcher, deceased, and the defendants are the legatees under said Will.
The fund appropriated by the testator for the payment of the debts of his estate, turned out to be inadequate for that purpose, to a considerable extent; and the executor calls upon the Court to declare, out of what fund the deficit shall be made up.
After providing for the payment of debts and funeral expenses, out of any moneys that might come to the hands of the executor, the second clause of the Will gives to Jane S. Langford three slaves, under certain qualifications not material to be now noticed.
The third clause directs the executor to sell the tract of land owned by the testator, of about two hundred acres; one-third of, the purchase money to be paid down, and the remainder to be paid in two annual installments.
*515 The fourth clause gives to testator’s sister, Sallie Organ, $3,000 in money, to be paid out of the proceeds of the sale of said land, by the executor; “to be invested in such properly as she needs, arid at her death, the property to be divided equally among her children.”
The fifth clause gives to testator’s niece, Mary S. Hatcher, a negro man named John; also the sum of $800, ou't of the proceeds of said land.
The sixth clause gives to .his niece, Jane Hatcher, $2,000, out of the proceeds of said land. Immediately following this last bequest, the Will proceeds thus: “The remainder of the money from the sale of land, if any, to be di.ided equally between my two nieces, Mary S. Hatcher and Jane Hatcher,” being the same two nieces to whom the two immediately preceding bequests were made.
The seventh clause gives to Elizabeth Ann Hatcher, the stock on the farm, farming implements, and growing crop.
The ninth clause gives to Benjamin E. Hatcher, his nephew, his stock in the Louisville & Memphis Railroad, amounting to $1,000. And lastly, J. T. Darden is nominated executor of the Will.
The Chancellor, upon the foregoing Will, decreed that the testator, having disposed of all his entire estate specifically, and there being no residuary fund out of which the debts could be paid, the entire estate must contribute to the payment of the debts — that is, all the legatees under the Will must contribute ratably.
It appe rs that the tract of land sold for $-; and after satisfying the three legacies directed to be paid out of this fund, there remains a surplus of $ ■, *516 which, by the Will, is directed to be divided equally between Mary S. and Jane Hatcher,
It is insisted that the Chancellor erred in decreeing that the legatees should contribute equally to the payment of the debts. It is argued that the surplus of the proceeds of the land is to be viewed as a residuary fund, and as such, is to be first applied to the discharge of the debts; and, it is conceded, that this fund is greatly more than sufficient for that purpose.
It is not denied, that, if there be a residuary fund, and the assets are insufficient to discharge the debts, that such residuary fund must be first applied. In such a case, the residuary legatee has no right to call upon general legatees to abate. The whole personal estate, not specifically bequeathed, must be exhausted, before general legatees can be required to contribute anything out of their legacies: 2 Williams on Ex., 465; 1 Roper on Leg., 150. And general legacies must all abate together proportionably, in case of deficiency of assets, before the specific legatees can be called on to contribute. Ibid. The question depends upon the nature of the bequest of the surplus fund arising from the sale of the land.
It is scarcely necessary to notice the important distinction between a specific and a general legacy. The former is a bequest of a particular thing or money of the testator, specified and distinguished from all others of the same kind : 1 Roper on Leg., 149; 2 Williams on Ex., 993. A legacy of quantity, is, ordinarily, a general legacy; but there are legacies of quantity in the nature of specific legacies — as a legacy of so much money, with reference to a particular fund for payment. *517 This is called, by the civilians, a demonstrative legacy: 2 Williams, 995; 1 Roper, 150. And of this character are the three legacies to Sallie Organ, Mary S. Hatcher, and Jane Hatcher, payable out of the proceeds of the land, which immediately precede the disposition of the surplus of that fund.
It is argued, in support of the decree, that the bequest of the surplus of the fund arising from the sale of the land, is not of a residuary nature, but rather of the nature of a specific legacy, and essentially of the same character as the three preceding legacies, though these are each for a sum in numero.
It seems that where a particular fund is given in parcels, and upon a deficiency of assets, it becomes necessary to resort to it for the payment of debts, the principle is, in general, that if the person to whom the last fractional part of the fund is given, be appointed to take it, as the residue, or remainder, of the specific fund, then he, as residuary legatee, will only be entitled to the surplus of the fund, after full satisfaction of the other aliquot parts of it specifically bequeathed; and in the character of residuary legatee, he cannot call upon the particular legatees of fractional parts of the specified fund to abate; for, since, if there had been an excess of the funds, he, as residuary legatee, would have been entitled to it. So, if there be a deficiency, it is only equitable that his share should be less in that proportion: 1 Roper on Leg., 253-4, 228; 2 Bro. C. C., 19, 22.
There can be no doubt as to the residuary nature of the bequest of the surplus of the fund. Three several bequests of fractional parts of this particular fund, each *518 for a specific sum, are previously made, two of them to testator’s nieces, Mary and Jane Hatcher ; and then the “remainder” of the fund, if any there should be, which was obviously doubtful in testator’s mind, is given equally to the same two nieces.
This is, beyond all question, a residuary bequest; and being so, it is first liable to be applied to the discharge of the debts of the estate.
There are other errors in the decrees, but it is not important to notice them.
The decree will be reversed.